OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion denied.
In our view, the Spiegel Law (Social Services Law § 143-b) defense is available to a tenant only after the appropriate social services official has withheld rent payments based on the existence of hazardous violations in the building. The Spiegel Law authorizes “public welfare officials to withhold rents in cases of recipients of public assistance who are tenants in buildings in which dangerous violations exist” (Mem of Legislative Representative of City of NY, 1965 McKinney’s Session Laws of NY, at 2078; see, Social Services Law § 143-b [2]). It does not authorize the tenants themselves to withhold their rent payments based on violations that may exist in the building. It is true that in order to shield the tenants whose rents have been withheld by the public welfare official from efforts by their landlords to recover the rents or possession of the premises from them, the statute provides that the rents so withheld are not due and owing or, in its words, that it is a defense to any action or proceeding for nonpayment of rent “to show existing violations * * * as the basis for non-payment” (Social Services Law § 143-b [5] [a]). However, because it is only the public welfare official, and not the individual tenant, who is vested with the authority to determine if the existence of violations in the building justifies the withholding of the rent payments (id., § 143-b [2]), it is only after the official has made such a determination and actually withheld rent payments that it can be said that the “existing violations” are the “basis for nonpayment.” Since tenants failed to show that the Department of Social Services had withheld rent payments, the Spiegel Law defense was not established in the moving papers.
Scholnxck, P. J., Patterson and Golia, JJ., concur.